**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JOSE MARTIN-OLIVA,

　　　　　　　Petitioner,

　　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　　　Respondent.

---

No. 10-72145

Agency No. A095-789-627

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2011[**]

Before:　　TASHIMA, BERZON, and TALLMAN, Circuit Judges.

　　Jose Martin-Oliva, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Apart from conclusory assertions, Martin-Oliva does not make any argument challenging the agency's denial of asylum or its denial of his "equal protection" claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

With respect to withholding of removal, substantial evidence supports the BIA's determination that Martin-Oliva failed to establish past persecution or a clear probability of persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992) ("the statute makes motive critical"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (petitioner presented no evidence that his opposition to the gang's criminal activity was based on political opinion, that he was politically or ideologically opposed to the ideals the gang espoused, or that the gang imputed a political belief to him). Further, apart from a conclusory assertion, Martin-Oliva does not challenge the BIA's rejection

of his claim based on membership in a particular social group. *See Martinez-Serrano*, 94 F.3d at 1259-60. Accordingly, his withholding of removal claim fails.

In addition, substantial evidence supports the BIA's denial of CAT relief because Martin-Oliva failed to establish it is more likely than not that he would be tortured at the instigation of or with the acquiescence of the government if removed to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Martin-Oliva's contention that the BIA improperly considered and analyzed his CAT claim as belied by the record. *See* 8 C.F.R. § 208.18(a)(1) (defining torture to involve "severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). Finally, we reject Martin-Oliva's related due process claim because the BIA considered the country report in the record.

**PETITION FOR REVIEW DENIED.**